FILED

2021 Aug-18  PM 05:46
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| JESSE O'NEAL, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>UNITED RENTALS, INC., PACIFIC )<br>WHEEL, INC., CARROLL'S LLC )<br>d/b/a NATIONAL TIRE WHOLESALE, )<br>ANDERSON MANUFACTURING, INC., )<br>RAFE POSEY, Fictitious Defendants "A" )<br>(the employee of United Rentals who )<br>Inflated the tire on the trailer before )<br>Plaintiff left United's business location, )<br>And Fictitious Defendants "B", "D", and )<br>"D", whether singular or plural, those )<br>other entities whose wrongful conduct )<br>caused or contributed to cause the )<br>injuries and damages to Plaintiff, all of )<br>whose true and correct names are )<br>unknown to Plaintiff at this time, but will )<br>be added by amendment when )<br>ascertained, )<br>)<br>Defendants. ) | CIVIL ACTION NO.:<br><br>_____ |

---

## NOTICE OF REMOVAL

---

Defendant, United Rentals (North America), Inc. ("United Rentals"),

incorrectly designated in Plaintiff's Complaint as United Rentals, Inc., pursuant to

28 U.S.C. §§ 1332, 1441, and 1446, removes this civil action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, to the United States District Court for the Northern District of Alabama, Southern Division, and in support, states as follows:

## I.     FACTUAL BACKGROUND

1.     Jesse O'Neal ("Plaintiff") alleges, on February 10, 2021, he was injured when the driver-side tire of the trailer he was pulling separated from the rim and deflated, causing the trailer and vehicle to jack-knife. *See* Compl., Ex. A.  Plaintiff rented the subject trailer and a Skid-Steer Track Loader from United Rentals. *Id.* at ¶¶ 12, 17. On February 10, 2021, Plaintiff alleges Rafe Posey ("Posey") was employed by Defendant United Rentals, and while acting in the line and scope of his employment and/or agency as the employee and/or agent of United Rentals, was negligent by choosing an inadequate or improper trailer to haul the Skid-Steer Track Loader.  *Id.* at ¶¶ 32, 39.

2.     Plaintiff entered rental agreement with United Rentals on February 10, 2021, for use of a Skid-Steer Track Loader and Trailer Tilt. *See* Ex. B, Affidavit of Rafe Posey at ¶¶ 4-5. Plaintiff rented the Skid-Steer Track Loader and trailer at United Rentals Branch A56 located at 6298 Park South Drive, Bessemer, Alabama 35022. *Id.*, at ¶ 5. Posey was not present at Branch A56 on February 10, 2021. *Id.,* at ¶ 8. Posey's name appears on the subject agreement as "salesperson" is *Id.*, at ¶¶

7-8.  This is by default because the job site location notated on the rental agreement

is in Posey's sales territory. *Id.* Posey has never had any interactions whatsoever

with Plaintiff. *Id.*, at ¶ 13.

3.      Posey did not play any role in the selection or rental of the trailer or

Skid-Steer Track Loader. Ex. B, at ¶¶ 10-11.  Posey was not involved in the

formation of the rental agreement, or any terms thereof, between Plaintiff and United

Rentals. *Id.*, at ¶ 12. In fact, Posey was not even aware there was a rental agreement

between Plaintiff and United Rentals until sometime after the commencement of this

lawsuit. *Id.*, at ¶ 4.

4.      On July 6, 2021, Plaintiff, a resident of Alabama, filed this action in the

Circuit Court of Jefferson County, Alabama, Bessemer Division, against Defendants

United Rentals, Pacific Wheel, Inc., Carroll's LLC d/b/a National Tire Wholesale,

Anderson Manufacturing, Inc., Posey, and Fictitious Defendants A through D.  *See*

*generally* Ex. A. Posey is a resident of Alabama, but all other Defendants are foreign

defendants. *Id.*

5.      Plaintiff makes the following claims against United Rentals: (1)

negligence; (2) recklessness and wantonness; (3) negligent training, retention, and

supervision; and (4) breach of contract. *See generally* Ex. A. Plaintiff makes the

following claims against Posey: (1) negligence; and (2) recklessness and

wantonness. *Id.* Plaintiff alleges product liability claims against Pacific Wheel, Inc.,

Carroll's LLC d/b/a National Tire Wholesale, and Anderson Manufacturing, Inc. *Id.*

*See* Ex. C.

## II.    REMOVAL IS TIMELY

6.      Under 28 U.S.C. § 1446(b), a Defendant has thirty (30) days after

receipt of service of a copy of the initial pleading to file the notice of removal.

United Rentals was served on July 23, 2021. *See* 28 U.S.C. § 1446(b). Therefore,

United Rentals has thirty (30) days from July 23, 2021 to file a notice of removal,

and this removal is within that timeframe.

## III.    FEDERAL DIVERSITY OVER THIS CASE

7.      A party seeking a federal venue must demonstrate that the federal court

has jurisdiction over the case. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

(1992). As demonstrated below, this case is removable pursuant to 28 U.S.C. §

1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## IV.    DIVERSITY OF CITIZENSHIP

8.      The United States District Court for the Northern District of Alabama,

Southern Division, has original subject matter jurisdiction of this civil action because

there is complete diversity of citizenship among all properly joined parties, pursuant

to 28 U.S.C. § 1332.  The Complaint was filed by Plaintiff, an Alabama resident.

No party properly joined as a defendant is a citizen of the State of Alabama, the state

in which this action was brought.  This action may therefore be removed pursuant to 28 U.S.C. § 1441.

9.    Posey is an Alabama citizen but has been fraudulently joined. *See* Ex. B.  Therefore, subject matter jurisdiction exists in this Court. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332.

10.    United Rentals is now, and was at the time the Complaint was filed, a foreign corporation with its principal place of business in Stamford, Connecticut. United Rentals was incorporated in Delaware. Therefore, United Rentals is deemed a citizen of Connecticut and Delaware for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

11.    According to the Complaint, Pacific Wheel, Inc. is a foreign corporation with its principal place of business in Michigan. *See* Ex. A, p. 24. Therefore, it is deemed a citizen of Michigan for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).   Pacific Wheel, Inc. has not been served with Plaintiff's Complaint. *See* Ex. C. Therefore, its consent is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

12.    According to the Complaint, Carroll's LLC d/b/a National Tire Wholesale is a foreign corporation with its principal place of business in Florida. *See* Ex. A, p. 24.  Therefore, it is deemed a citizen of Florida for diversity purposes *See* 28 U.S.C. § 1332(c)(1).  Carroll's LLC d/b/a National Tire Wholesale received

service of this lawsuit *via* certified mail on July 27, 2021 and consents to this Notice

of Removal.

13.     According to Plaintiff's Complaint, Anderson Manufacturing, Inc. is a

Georgia corporation with its principal place of business in Georgia.  *See* Ex. A, ¶ 5,

p. 24.  Therefore, it is deemed a citizen of Georgia for diversity purposes. *See* 28

U.S.C. § 1332(c)(1).  Anderson Manufacturing, Inc. received service of this lawsuit

*via* certified mail on July 28, 2021 and consents to this Notice of Removal.

14.     The citizenship of Fictitious Defendants A through I shall be

disregarded for purposes of removal under 28 U.S.C. § 1441(a). Consequently,

complete diversity of citizenship exists among all properly joined parties.

## V.     DEFENDANT POSEY IS FRAUDULENTLY JOINED

15.     Posey is fraudulently joined to this lawsuit as there is no possibility

state law can impose any liability upon him. *See* 28 U.S.C. § 1441(b)(2). Under the

fraudulent joinder doctrine, federal courts can, and will, ignore a non-diverse

defendant for purposes of diversity jurisdiction if the remaining defendants can

demonstrate the plaintiff cannot state a reasonable or colorable claim for relief

against the non-diverse party. *See e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d

1302, 1305 (11th Cir. 2001) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d

1284, 1287 (11th Cir. 1997)); *see also* Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 3641.1: Devices to Defeat Diversity Jurisdiction—

Joinder of Nondiverse Parties (3d ed. 2019). For purposes of determining fraudulent joinder, courts may consider affidavits and deposition transcripts submitted by either party, in addition to the plaintiff's pleadings at the time of removal. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). The potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005). As articulated below, there is no possibly state law can impose any liability upon Posey.

16.    In *Legg v. Wyeth*, the Eleventh Circuit addressed this exact issue and held, under Alabama law, an in-state drug manufacturer's sales representative—who never promoted or sold a drug used by plaintiffs—could not possibly be liable to plaintiffs for their negligent misrepresentation claim. *Legg v. Wyeth*, 428 F.3d at 1324. The Eleventh Circuit specifically held plaintiffs failed to present evidence that would conclude the in-state sales representative breached any duty owed to plaintiffs. *Id.*; *see also Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207, 1217 (N.D. Ala. 2006) ("There is simply no evidence that Hendricks or Ocampo, in either's capacity as a territory representative employed by Pfizer Inc., had any meaningful control over the distribution of Neurontin or that either could have prevented, in any substantial way, the dispersion of Neurontin to consumers; specifically, to Southern."); *Roberson v. Bancorp South Bank, Inc.*, No. 12–716–CG–N, 2013 WL 2896840, at *4-6 (S.D. Ala. June 13, 2013) (denying plaintiff's motion to remand

because in-state defendant submitted undisputed affidavit testimony indicating plaintiff could not satisfy her claim).

17.     No different than *Legg v. Wyeth*, removal is proper as United Rentals has produced an affidavit from Posey—containing undisputed facts that he had nothing to do with the control, selection, or rental of the trailer to Plaintiff—which makes it impossible for Plaintiff to establish a claim against him. *See* Ex. B. As articulated by the Eleventh Circuit, when an affidavit is undisputed, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Legg v. Wyeth*, 428 F.3d at 1323. That is, even though questions of fact are to be resolved in Plaintiff's favor, "there must be some question of fact" to do so. *Id.*

18.     In *Burkett v. Wal-Mart Stores, Inc.*, this District Court denied plaintiffs' motion to remand because plaintiffs failed to produce evidence that an in-state defendant "knew of any problem or danger with the Shocker bicycle or that he participated in the assembly of the bicycle." *Burkett v. Wal-Mart Stores, Inc.*, No. CV-06-RRA-4778-W, 2007 WL 9717445, at \*3 (N.D. Ala. Jan 23, 2007). ("Without this evidence, there is no reasonable possibility that an Alabama Court would conclude that he personally breached any duty which may have been owed to the Plaintiffs") *Id.*; *see also Kulback v. Unum Group' Provident Life & Accident Ins. Co.*, 2:14-CV-1882-VEH, 2015 WL 13631181, at \*4-9 (N.D. Ala. Jan. 7, 2015)

(denying plaintiff's motion to remand because plaintiff could not maintain breach of contract, bad faith, negligence, wantonness or fraud claims against in-state defendant); *Mooney v. Logan's Roadhouse, Inc.*, CV-06-RRA-690-E, 2006 WL 8436734, at *1-3 (N.D. Ala. June 8, 2006) (denying motion to remand because affidavit from in-state defendant indicated, among other things, that he never met plaintiff and it was not his responsibility to provide a safe means of ingress and egress for plaintiff). The result in the present case is simply no different than *Burkett*, *Kulback* or *Mooney*. There is no reasonable possibility an Alabama court would conclude Posey breached any duty which could have been owed to Plaintiff. *See* Ex. "B."

19.     Likewise, in *Snadon v. SEW-Eurodrive Inc.*, the Northern District of Georgia denied a plaintiff's motion to remand because plaintiff failed to provide evidence that company's in-state employee inspected, or had a duty to inspect, assembly of latticework structure for company's trade show booth that resulted in plaintiff's injury. *Snadon v. SEW-Eurodrive Inc.*, 421 F. Supp. 3d 1360, 1368 (N.D. Ga. 2019). Therefore, there was no viable state law claim against the in-state employee as he was not involved in setup, design, or oversight of booth, his job at trade shows was to network with customers, and he had little involvement in construction of trade show booths. *Id.* The result in the present case is no different than *Snadon*, and Posey was fraudulently joined to this lawsuit. *See* Ex. B.

20.     Last, neither Posey nor Pacific Wheel, Inc. need to join in this Notice of Removal because "the unanimity rule applies only to defendants properly served or joined in this action."  *See* 28 U.S.C. § 1446(b)(2)(A); *Maxwell v. E-Z Go, a Div. of Textron, Inc.*, 843 F. Supp. 2d 1209, 1213 (M.D. Ala. 2012).

## VI.   AMOUNT IN CONTROVERSY

21.     The amount in controversy in this case exceeds $75,000.00 exclusive of interests and costs, as required by 28 U.S.C. § 1332(a).  As held by *Dart*, a defendant need only make a short and plain statement of these grounds for the purpose of removal. *Dart Cherokee Basin Operating Company, LLC, et al. v. Owens*, 135 S. Ct. 547, 551 (2014) ("a statement 'short and plain' need not contain evidentiary submissions"). This amount in controversy allegation should be accepted unless contested by the plaintiff or questioned by the Court. *Dart*, 135 S. Ct. at 553 (pursuant to 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Plaintiff has alleged complex product liability claims against various Defendants, in addition to his negligence and wantonness claims against United Rentals and Defendant Posey, and therefore, seeks unlimited compensatory damages, court costs, attorney fees, and punitive damages. In compliance with *Dart*, United Rentals has made a short and plain statement that the amount in controversy in this case exceeds $75,000.00. *See* Ex. "A."

22.     Further, as it relates to punitive damages, a court must consider a claim

for punitive damages unless it is apparent to a legal certainty that such cannot be

recovered. *See Lowe's OK Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp.

1388, 1389 (M.D. Ala. 1998); *see also Renfroe v. Allstate Prop. & Cas. Ins. Co.*,

No. 10–00359–CG–B, 2010 WL 4117038, at *4 (S.D. Ala. Sept. 23, 2010) (citing

*Rae v. Perry*, 392 Fed. Appx. 753 (11th Cir. Aug. 16, 2010)).

23.     Last, because United Rentals is a corporate defendant, Plaintiff's

punitive damages claims made against it must be carefully evaluated by this Court.

"[W]hen considering claims for punitive damages against large companies, it is clear

that 'any award that is soundly and honestly calculated to punish and deter [a large

company's] wanton behavior . . . would have to be substantial.'" *Pullum v. Ford

Motor Co.*, No.: 2:19-cv-120-ECM, 2019 WL 2578948, at *2 (M.D. Ala. June 21,

2019) (quoting *Roe v. Michelin N. Am. Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala.

2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013)). In *Pullum v. Ford Motor Co.*, the court

held a large punitive damages award could be awarded, and ultimately, plaintiff's

motion to remand was denied. *Id.* at *2-3. The analysis is no different as applied to

United Rentals, a publicly held corporation.

24.     United Rentals has made specific, plausible allegations as required by

*Dart*, which combined with reasonable deductions, reasonable inferences, and

reasonable extrapolations, establish the amount in controversy in this case exceeds

11

the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 774, 753-54 (11th Cir. 2010). While United Rentals denies Plaintiff is entitled to any recovery whatsoever, the amount in controversy exceeds $75,000.00. If Plaintiff contests the requisite amount in controversy has been met, United Rentals requests the opportunity for both parties to submit proof so the Court can decide, by a preponderance of the evidence, whether the requirement has been satisfied. *See Dart*, 135 S. Ct. at 554.

## VII.   GROUNDS FOR REMOVAL

25.    As set forth above, this United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and § 1441.  This is a controversy among citizens of different states. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. This case is timely removed. Accordingly, this action is removable.

26.    A copy of the complete file of the Circuit Court of Jefferson County, Bessemer Division, Alabama, is attached hereto cumulatively as Exhibit C.

27.    A copy of this Notice is being served upon all parties or their counsel and the Clerk of the Circuit Court of Jefferson County, Bessemer Division, Alabama.

28.    This Notice is signed in accordance with the Federal Rule of Civil Procedure 11.

29.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of United Rental's right to assert any matter constituting an avoidance, defense or affirmative matter including any procedural or substantive defense available.

WHEREFORE, United Rentals serves this Notice and hereby removes this case pursuant to 28 U.S.C. § 1332, 1441(a), and 1446. The parties herein are notified not to proceed any further in the Circuit Court of Jefferson County, Alabama, Bessemer Division unless by order of the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this the 18th day of August 2021.

/s/ J. Patrick Strubel
J. Patrick Strubel
Ashley C. Scarpetta
WATKINS & EAGER PLLC
Saks Building
1904 First Avenue North
Suite 300
Birmingham, AL 39203
pstrubel@watkinseager.com
ascarpetta@watkinseager.com

13

Mark D. Jicka (MSB # 8969)*
Caroline K. Ivanov (MSB # 104215)*
WATKINS & EAGER PLLC
400 E. Capitol Street
Jackson, MS 39201
mjicka@watkinseager.com
civanov@watkinseager.com
***Attorneys for United Rentals (North
America), Inc.***

*denotes counsel who will seek pro
hac vice admission*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this the 18th day of August 2021 forwarded a true and correct copy of the above and foregoing to the following via CM/ECF and/or by U.S. Mail:

Harrison R. Jones
SLOCUMB LAW FIRM, LLC
3500 Blue Lake Drive, Suite 450
Birmingham, AL 35243
hjones@slocumblaw.com
*Counsel for Jesse O'Neal*

Roderick K. Nelson
SPAIN & GILLON, L.L.C.
505 20thStreet North
Suite 1200
Birmingham, AL 35203
rnelson@spain-gillon.com
*Counsel for Anderson Manufacturing, Inc.*

Pacific Wheel Inc.
3806 Ranya Drive
Commerce, MI 48382

Carroll's LLC d/b/a National Wholesale Tire
4300 TBC Way
Palm Beach Gardens, FL 33410

*/s/ J. Patrick Strubel*
Of Counsel