EX. A

ELECTRONICALLY FILED
7/6/2021 3:09 PM
68-CV-2021-900361.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

FILED
2021 Jul-18 PM 05:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

JESSE O'NEAL,                                    *
                                                 *
                                                 *
    Plaintiff,                *      Case No.:  CV - 2021 - _____
                                                 *
    *v.*                       *         **JURY TRIAL DEMANDED**
                                                 *
UNITED RENTALS, INC. , PACIFIC                   *
WHEEL, INC., CARROLL'S LLC                       *
d/b/a NATIONAL TIRE                              *
WHOLESALE, ANDERSON                              *
MANUFACTURING, INC., RAFE                        *
POSEY, Fictitious Defendants "A" (the            *
employee of United Rentals who                   *
inflated the tire on the trailer before          *
Plaintiff left United's business location),       *
and Fictitious Defendants "B", "C,"              *
and "D", whether singular or plural,             *
those other persons, corporations, firms         *
or other entities whose wrongful                 *
conduct caused or contributed to cause            *
the injuries and damages to Plaintiff, all        *
of whose true and correct names are              *
unknown to Plaintiff at this time, but           *
will be added by amendment when                  *
ascertained,                                     *
                                                 *
    Defendant.                *
                                                 *

---

## COMPLAINT

---

    This is an action by Plaintiff, Jesse O'Neal, against the Defendants, United Rentals, Inc.,

Rafe Posey, Pacific Wheels, Inc., Carroll's LLC d/b/a National Tire Wholesale, Anderson

Manufacturing, Inc., and Fictitious Defendant "A" for personal injuries and other damages

sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about

February 10, 2021.

1

## PARTIES, JURISDICTION, VENUE

1.     The Plaintiff, Jesse O'Neal is an individual over the age of nineteen (19) and was a resident and citizen of Jefferson County, Alabama at all times material to the issues in this case.

2.     Upon information and belief, the Defendant United Rentals, Inc. (herein after referred to as "United") is a foreign corporation authorized to do business in the State of Alabama at all times material to the issues in this case.

3.     Upon information and belief, Defendant Pacific Wheels Inc. (herein after referred to as "Pacific") is the manufacturer and/or distributor of the wheels on the trailer rented from United in Jefferson County, Alabama at all times material to the issues in this case.

4.     Upon information and belief, Defendant Carrolls's LLC d/b/a National Tire Wholesale (hereinafter referred to as Defendant National Tire) is the manufacturer and/or distributor of the tires on the trailer rented from United in Jefferson County, Alabama at all times material to the issues in this case.

5.     Defendant Anderson Manufacturing Inc. (hereinafter referred to as Defendant Anderson), is a Georgia Corporation and is the manufacturer of the trailer rented from United in Jefferson County, Alabama, at all times material to this cause of action.

6.     That Defendant Rafe Posey (hereinafter referred to as Defendant Posey) is over the age of nineteen (19) and employed by United Rentals in Bessemer Alabama.

7.     Fictitious Defendant "A" is the employee of United Rentals who filled the under-inflated tire with air before the Plaintiff departed United Rentals' premises in Jefferson County, Alabama.

8.     Fictitious Defendant "B", "C", and "D", are those persons or entities whose names will be substituted upon learning their true identities.

9.     The motor vehicle wreck that gives rise to this complaint occurred in Jefferson County, Alabama.

10.    Venue is proper in Jefferson County, Alabama.

**FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS**

11.    On or about February 10, 2021, the Plaintiff was a customer at Defendant United Rental's Location at United Rentals, Branch A56, 6298 Park South Drive, Bessemer, AL 35022.

12.    At the same time and place, and for good consideration in the amount of $639.00, Plaintiff rented a trailer, manufactured by Defendant Anderson, and a "Skid-Steer Track Loader" from Defendant United Rentals.

13.    That at said time and place, the trailer chosen to be used to haul the Skid-Steer track loader was chosen by Defendant United for the Plaintiff so that Plaintiff could haul the aforementioned to a jobsite.

14.    At the same time and place, Defendant Posey was an employee of United.

15.    At the same time and place, Defendant Posey selected the trailer for use to haul the Skid Steer track loader.

16.    At the same time and place, Defendant Posey negligently failed in selecting the appropriate trailer.

17.    That when the Plaintiff left the business premises of Defendant United, he travelled less than half a mile, when the rear driver-side tire of the trailer separated from the rim and deflated causing the trailer and vehicle to jack-knife.

18.    That said failure caused the Plaintiff to crash the vehicle with the attached trailer and equipment into the barrier on the west side of highway, just past the entrance ramp on I-459 South in Jefferson County, Alabama.

19.     Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant United, and their employees, Defendant Rafe Posey, and Fictitious Defendant "A".

## COUNT ONE – NEGLIGENCE
### (As to Defendant United Rentals, Inc.)

20.     Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

21.     At all times material to this action, Defendant United Rentals, Inc. owed a duty of reasonable care in the ownership, operation, and maintenance of their equipment, and owed a duty of care and knowledge of its equipment to the customers who rent said equipment.

22.     At said time and place, Defendant United Rentals breached its duty of care and rented a trailer and a skid-steer track loader to the Plaintiff in such a negligent manner so as to:

(a)     cause the Plaintiff's vehicle to crash due to failure of the tire, which was a direct result of overloading the trailer with equipment too heavy for the trailer, tires, and wheels

(b)     cause Plaintiff's vehicle to be damaged; and

(c)     cause serious and severe injuries to Plaintiff.

23.     In causing the Plaintiff's vehicle with attached equipment and trailer to crash, Defendant United Rentals, Inc:

(a)     Negligently failed to exercise ordinary care by choosing an inadequate or improper trailer to haul the skid-steer track loader rented by the Plaintiff.

(b)     Negligently failed to check and maintain its equipment such that the tires on said equipment were not adequately inflated to their proper pressure.

(c)   Negligently failed to maintain and check the wheels which were attached to said trailer for any defects.

(d)   Otherwise acted in negligent disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

24.   As a direct and proximate result of Defendant United Rentals, Inc's negligence, the Plaintiff was caused to sustain personal injuries, pain, suffering, property damage and other damages.

25.   Plaintiff avers that the acts and conduct of Defendant United Rentals, Inc, on said occasion, constitutes common law negligence.

WHEREFORE, the Plaintiff demands judgment against Defendants UNITED RENTALS, INC, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO - RECKLESSNESS AND WANTONNESS
### (United Rentals, Inc )

26.   Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

27.   At said place and time, Defendant United Rentals, Inc  rented said skid-steer loader and trailer to the Plaintiff in such a reckless and wanton manner as to:

(a)   cause said the trailer tire to fail under the weight of the Skid Steer Loader when United Rentals and its employees knew or should have known that the trailer rented was inadequate to support the weight of the skid-steer

(b)   cause the Plaintiff to wreck his vehicle after the tire popped off, causing damage to said Vehicle; and

(c)     cause substantial injuries to Plaintiff.

28.   In causing the Plaintiff's vehicle with attached equipment and trailer to crash, Defendant United Rentals, Inc:

(a)     Recklessly and wantonly failed to exercise ordinary care by choosing an inadequate or improper trailer to haul the skid-steer track loader rented by the Plaintiff.

(b)     Recklessly and wantonly failed to check and maintain its equipment such that the tires on said equipment were not adequately inflated to their proper pressure.

(c)     Recklessly and wantonly failed to maintain and check the wheels which were attached to said trailer for any defects.

(d)     Otherwise acted in reckless and wanton disregard of the rights and safety of Plaintiff, its customers, and others traveling on said public highway at said time and place.

28.   Plaintiff avers that the acts and conduct of Defendant United Rentals, Inc, at said time and place, were in violation of the statutes of State of Alabama which constitute statutory recklessness and wantonness.

29   Plaintiff sustained substantial injuries as the proximate result of said recklessness and wantonness of Defendant United Rentals, Inc,. in violating said statutes and in knowingly supplying the Plaintiff with a poorly maintained trailer with inadequate maximum weight capacity to support the weight of the skid steer rented to the Plaintiff.

WHEREFORE, the Plaintiff demands  judgment against Defendants United Rentals, Inc , for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is

entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT THREE – NEGLIGENCE
### Defendant Rafe Posey

30.     Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as fully set forth herein.

31.     At the aforesaid time and place, Defendant Rafe Posey, an employee of Defendant United Rentals, owed a duty of reasonable care and knowledge to customers in selecting the proper trailer to haul the equipment rented by the Plaintiff.

32.     At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant United Rentals, Defendant Rafe Posey breached said duty, and negligently rented to the Plaintiff a trailer which was insufficient to support the weight of the rented skid-steer loader so as to:

    (a)     cause the Plaintiff's vehicle to crash due to failure of the tire, which was a direct result of overloading the trailer with equipment too heavy for the trailer, tires, and wheels

    (b)     cause Plaintiff's vehicle to be damaged; and

    (c)     cause serious and severe injuries to Plaintiff.

33.     In causing the Plaintiff's vehicle with attached equipment and trailer to crash, Defendant Rafe Posey:

    (a)     Negligently failed to exercise ordinary care by choosing an inadequate or improper trailer to haul the skid-steer track loader rented by the Plaintiff.

    (b)     Negligently failed to check and maintain its equipment such that the tires on said equipment were not adequately inflated to their proper pressure.

(c)     Negligently failed to maintain and check the wheels which were attached to said trailer for any defects.

(d)     Otherwise acted in negligent disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

34.     Plaintiff avers that the acts and conduct of Defendant Rafe Posey on said occasion, constitutes common law negligence.

35.     Plaintiff avers that said negligent acts and conduct of Defendant Rafe Posey on said occasion are imputed to Defendant United Rentals Inc., and that said Defendants are jointly and severally liable for the injuries sustained by said Plaintiff.

36.     As the proximate consequence of said negligence, Plaintiff suffered substantial injuries.

WHEREFORE, the Plaintiff demands judgment against Defendants United Rentals, Inc, and its employee, Defendant Rafe Posey, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FOUR – RECKLESSNESS AND WANTONESS
### Defendant Rafe Posey

37.     Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as fully set forth herein.

38.     At said place and time, Defendant Rafe Posey rented said skid-steer loader and trailer to the Plaintiff in such a reckless and wanton manner as to:

(a)     cause said the trailer tire to fail under the weight of the Skid Steer Loader when he knew or should have known that the trailer rented was inadequate to support the weight of the skid-steer

(b)     cause the Plaintiff to wreck his vehicle after the tire popped off, causing damage to said Vehicle; and

(c)     cause substantial injuries to Plaintiff.

39.    In causing the Plaintiff's vehicle with attached equipment and trailer to crash, Defendant Rafe Posey:

(a)     Recklessly and wantonly failed to exercise ordinary care by choosing an inadequate or improper trailer to haul the skid-steer track loader rented by the Plaintiff.

(b)     Recklessly and wantonly failed to check and maintain its equipment such that the tires on said equipment were not adequately inflated to their proper pressure.

(c)     Recklessly and wantonly failed to maintain and check the wheels which were attached to said trailer for any defects.

(d)     Otherwise acted in reckless and wanton disregard of the rights and safety of Plaintiff, its customers, and others traveling on said public highway at said time and place.

40.    Plaintiff avers that the acts and conduct of Defendant Rafe Posey at said time and place were in violation of the statutes of State of Alabama which constitute statutory recklessness and wantonness.

41.    Plaintiff avers that said negligent acts and conduct of Defendant Rafe Posey on said occasion are imputed to Defendant United Rentals Inc., and that said Defendants are jointly and severally liable for the injuries sustained by said Plaintiff.

42.     Plaintiff sustained substantial injuries as the proximate result of said recklessness and wantonness of Defendant Rafe Posey, violating said statutes and in knowingly supplying the

9

Plaintiff with a poorly maintained trailer with an inadequate maximum weight capacity to support the weight of the skid steer rented to the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against Defendant Rafe Posey, and Defendant United Rentals, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT FIVE – NEGLIGENCE**
**(Fictitious Defendant "A")**

43.     Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as fully set forth herein.

44.     At the aforesaid time and place, Fictitious Defendant "A", an employee of Defendant United Rentals, owed a duty of reasonable care and knowledge to customers and to the Plaintiff as to properly inflating tires, and checking the conditions of the tires and wheels for defects, which are on trailers supporting heavy machinery.

45.     At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant United Rentals, Fictitious Defendant "A" breached said duty, and negligently failed to properly inflate the rear driver side tire and failed to check to the air pressure in the remaining tires so as to::

    (a)    cause the Plaintiff's vehicle to crash due to failure of the tire, which was a direct result of overloading the trailer with equipment too heavy for the trailer, underinflated and /or defective tires, and defective wheel(s).

    (b)    cause Plaintiff's vehicle to be damaged; and

    (c)    cause serious and severe injuries to Plaintiff.

46.     In causing the Plaintiff's vehicle with attached equipment and trailer to crash, Fictitious Defendant "A":

(a)     Negligently failed to exercise ordinary care by failing to properly check, inspect, and inflate the tires on the trailer rented by the Plaintiff.

(b)     Negligently failed to check and maintain its equipment such that the tires on said equipment were not adequately inflated to their proper pressure, and failed to check for defects on the tires generally.

(c)     Negligently failed to maintain and check the wheels which were attached to said trailer tires for any defects.

(d)     Otherwise acted in negligent disregard of the rights and safety of Plaintiff and others traveling on said public highway at said time and place.

47.     Plaintiff avers that the acts and conduct of Fictitious Defendant "A" on said occasion, constitutes common law negligence.

48.     Plaintiff avers that said negligent acts and conduct of Fictitious Defendant "A" on said occasion are imputed to Defendant United Rentals Inc., and that said Defendants are jointly and severally liable for the injuries sustained by said Plaintiff.

49.     As the proximate consequence of said negligence, Plaintiff suffered substantial injuries.

WHEREFORE, the Plaintiff demands judgment against Defendants United Rentals, Inc, and its employee, Fictitious Defendant "A", jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.


## COUNT SIX – RECKLESSNESS AND WANTONESS
### Fictitious Defendant "A"

50.     Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as fully set forth herein.

51.     At said place and time, Fictitious Defendant "A" inflated and inspected the tires and wheels for the trailer holding said skid-steer loader for the Plaintiff in such a reckless and wanton manner as to:

    (a)     cause said the trailer tire to fail under the weight of the Skid Steer Loader when he knew to, but failed to, properly inflate each tire and inspect each tire and rim for defects before releasing said equipment to the Plaintiff.

    (b)     cause the Plaintiff to wreck his vehicle after the tire popped off, causing damage to said Vehicle; and

    (c)     cause substantial injuries to Plaintiff.

52.     In causing the Plaintiff's vehicle with attached equipment and trailer to crash, Fictitious Defendant "A":

    (a)     Recklessly and wantonly disregarded his duty to check and maintain United Rentals' equipment such that the tires on said equipment were not adequately inflated to their proper pressure.

    (b)     Recklessly and wantonly disregarded his duty to maintain and check the wheels which were attached to said trailer for any defects.

    (c)     Otherwise acted in reckless and wanton disregard of the rights and safety of Plaintiff, its customers, and others traveling on said public highway at said time and place.

53.     Plaintiff avers that the acts and conduct of Fictitious Defendant "A" at said time and
place were in violation of the statutes of State of Alabama which constitute statutory
recklessness and wantonness.

54.     Plaintiff avers that said negligent acts and conduct of Fictitious Defendant "A" on said
occasion are imputed to Defendant United Rentals Inc., and that said Defendants are jointly and
severally liable for the injuries sustained by said Plaintiff.

55.      Plaintiff sustained substantial injuries as the proximate result of said recklessness and
wantonness of Fictitious Defendant "A", violating said statutes and in knowingly disregarding
his duty to the Plaintiff to check the trailer, tire condition, tire inflation, and wheel condition on
said trailer before releasing it the to the Plaintiff..

        WHEREFORE, the Plaintiff demands judgment against Fictitious Defendant "A", and
Defendant United Rentals, jointly and severally, for all compensatory damages, lost wages, court
costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive
damages in such an amount as this Court may determine.

### COUNT SEVEN
### NEGLIGENT TRAINING, RETENTION AND SUPERVISION
### (Defendant United Rentals)

56.     Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint
as if fully set forth herein.

57.     Plaintiff avers that Defendant United Rentals, Inc. hired, trained, retained, and supervised
Defendants Rafe Posey and Fictitious Defendant "A", as employees and/or agents of Defendant
United Rentals.

58.     Further, Plaintiff avers that Defendant United Rentals:

(a)      Acted in a negligent manner in hiring Defendants Rafe Posey and Fictitious Defendant "A" to a position that would require said Defendants to have knowledge and competence to maintain and inspect heavy machinery, trailers, wheels, and tires;;

(b)      Acted in a negligent manner in retaining Defendant Rafe Posey in a position that would require said Defendant to operate and load heavy machinery, and to select the trailers for which to haul machinery.

(c)      Acted in a negligent manner in failing to properly train, monitor, and supervise Fictitious Defendant "A" in the proper inflation of tires for trailers carrying heavy machinery, and the inspection of the tires and wheels for defects.

(d)      Acted in a negligent manner in failing to instill in Defendants Rafe Posey and Fictitious Defendant "A" qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant United Rentals entrusted to Defendants Posey and Fictitious Defendant "A".

60.    Plaintiff avers that his injuries are the proximate results of said negligence of Defendant United rentals in the hiring, retention, monitoring and supervision of Defendants Posey and Fictitious Defendant "A" as employees, who as part of their duties, was have sufficient knowledge and training to inspect equipment, trailers, wheels, tires, and the like for renting to the public..

WHEREFORE, the Plaintiff demands  judgment against Defendants United Rentals, Inc, Defendant Rafe Posey, Fictitious Defendant "A", and Fictitious Defendants "B", "D", and "E" jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## <u>COUNT EIGHT –PRODUCT LIABILITY</u>
### <u>(Defendant Pacific Wheels, Inc)</u>

61.    Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint

as if fully set forth herein.

62.    From a procedural aspect, this count of this suit is brought pursuant to §25-5-11 of the

Code of Alabama. (1975).

63.    At the aforesaid time and place, and for sometime prior thereto, Defendant Pacific

Wheels, Inc., a corporation or other business entity, was engaged in the business of designing,

manufacturing, selling, and/or distributing wheels used by the Defendant United Rentals

throughout the United States, including the State of Alabama, for use by certain members of the

general public. Said Defendant Pacific Wheels during said period of time and for valuable

consideration designed, manufactured, sold and/or distributed wheels as the one used by the

Defendant United Rentals on the trailer which was rented to the Plaintiff., which failed to

support the tire pressure and weight of the trailer for which it was manufactured..

As said time and place, the wheel on the trailer rented by the Plaintiff, which was in

substantially the same condition as when manufactured, sold, and/or distributed, was being used

in a manner that was foreseeable. The wheel was not reasonably safe when being used in a

foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the public

at large when being so used. Said Defendant know, or in the exercise of reasonable care should

have known, that said wheel was unreasonably dangerous to the public at large when being so

used in this foreseeable manner.

The foregoing wrongful conduct of said defendant was a proximate cause of Plaintiff's injuries and damages and renders said Defendant liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

64.    Defendant Pacific Wheels  a corporation or other business entity, negligently or wantonly designed, manufactured, sold and/or distributed wheels on the trailer involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

65.    Defendant Pacific Wheels, a corporation or other business entity, negligently or wantonly failed to warn plaintiff of the dangers associated with the use of the aforesaid in the absence of certain safety procedures being used for the purpose of eliminating the possibility of injuring the plaintiff or another, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

66.    Defendant Pacific Wheels is a corporation or other business entity expressly and/or impliedly warranted that the wheel involved in the occurrence made the basis of this complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said Defendant breached said express and/or implied warranties in that said was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said was in a dangerously defective and unsafe condition. Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said Defendant, the Plaintiff was injured and damaged as hereinafter described.

WHEREFORE, the Plaintiff demands judgment against Defendant Pacific Wheels Inc. in strict liability for all compensatory damages, court costs, and attorney's fees to which

Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT NINE –PRODUCT LIABILITY
### (Defendant Carroll's d/b/a National Tire Wholesale)

67.     Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

68.     From a procedural aspect, this count of this suit is brought pursuant to §25-5-11 of the Code of Alabama. (1975).

69.     At the aforesaid time and place, and for sometime prior thereto, Defendant Carroll's LLC d/b/a National Tire Wholesale (hereinafter referred to as Defendant "National Tire"), a corporation or other business entity, was engaged in the business of designing, manufacturing, selling, and/or distributing tires used by the Defendant United Rentals throughout the United States, including the State of Alabama, for use by certain members of the general public. Said Defendant Pacific Wheels during said period of time and for valuable consideration designed, manufactured, sold and/or distributed tires such as the one used by the Defendant United Rentals on the trailer which was rented to the Plaintiff, which failed to support the tire pressure and weight of the trailer for which it was manufactured. Said tire model is the National Tire "Roadmax ST."

As said time and place, the tires on the trailer rented by the Plaintiff, which was in substantially the same condition as when manufactured, sold, and/or distributed, was being used in a manner that was foreseeable. The tire or tires were not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the public at large when being so used. Said Defendant know, or in the exercise of reasonable care should

have known, that said wheel was unreasonably dangerous to the public at large when being so used in this foreseeable manner.

The foregoing wrongful conduct of said defendant was a proximate cause of Plaintiff's injuries and damages and renders said Defendant liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

70.    Defendant National Tire,  a corporation or other business entity, negligently or wantonly designed, manufactured, sold and/or distributed the Roadmax ST tire on the trailer involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

71.    Defendant National Tire, a corporation or other business entity, negligently or wantonly failed to warn plaintiff of the dangers associated with the use of the aforesaid in the absence of certain safety procedures being used for the purpose of eliminating the possibility of injuring the plaintiff or another, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

72.    Defendant National Tire is a corporation or other business entity expressly and/or impliedly warranted that the tire model, the Roadmax ST, involved in the occurrence made the basis of this complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said Defendant breached said express and/or implied warranties in that said was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said was in a dangerously defective and unsafe condition. Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said Defendant, the Plaintiff was injured and damaged as hereinafter described.

WHEREFORE, the Plaintiff demands judgment against Defendant National Tire in strict liability for all compensatory damages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TEN –PRODUCT LIABILITY
### (Defendant Anderson Manufacturing, Inc.)

73.     Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

74.     From a procedural aspect, this count of this suit is brought pursuant to §25-5-11 of the Code of Alabama. (1975).

75.     At the aforesaid time and place, and for sometime prior thereto, Defendant Anderson Manufacturing, Inc, a corporation or other business entity, was engaged in the business of designing, manufacturing, selling, and/or distributing trailers used by the Defendant United Rentals throughout the United States, including the State of Alabama, for use by certain members of the general public. Said Defendant Anderson Manufacturing, Inc. during said period of time and for valuable consideration designed, manufactured, sold and/or distributed trailers such as the one used by the Defendant United Rentals to haul the skid-steer loaded which was rented to the Plaintiff; said trailer failed to support the weight of the equipment for which it was manufactured. Said tire model is the National Tire "Roadmax ST."

As said time and place, the tires on the trailer rented by the Plaintiff, which was in substantially the same condition as when manufactured, sold, and/or distributed, was being used in a manner that was foreseeable. The trailer rented to the Plaintiff not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the public at large when being so used. Said Defendant know, or in the exercise of

reasonable care should have known, that said trailer was unreasonably dangerous to the public at large when being so used in this foreseeable manner.

The foregoing wrongful conduct of said Defendant was a proximate cause of Plaintiff's injuries and damages and renders said Defendant liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

76.    Defendant Anderson Manufacturing, Inc., a corporation or other business entity, negligently or wantonly designed, manufactured, sold and/or distributed the Anderson Trailer on involved in the occurrence made the basis of plaintiff's complaint, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

77.    Defendant Anderson Manufacturing, a corporation or other business entity, negligently or wantonly failed to warn plaintiff of the dangers associated with the use of the aforesaid in the absence of certain safety procedures being used for the purpose of eliminating the possibility of injuring the plaintiff or another, and said negligent or wanton conduct was a proximate cause of plaintiff's injuries and damages hereinafter described.

78.    Defendant Anderson Manufacturing, Inc. is a corporation or other business entity expressly and/or impliedly warranted that the trailer model, T17166TC, involved in the occurrence made the basis of this complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiff avers that said Defendant breached said express and/or implied warranties in that said was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, said trailer was in a dangerously defective and unsafe condition to the haul the skid-steer rented by the Plaintiff. Plaintiff further avers that as a proximate result of the aforesaid breach of warranties by said Defendant, the Plaintiff was injured and damaged as hereinafter described.

WHEREFORE, the Plaintiff demands judgment against Defendant Anderson Manufacturing, Inc., in strict liability for all compensatory damages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT ELEVEN – BREACH OF CONTRACT
### (As to Defendant United Rentals)

79.    Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

80.    That the Plaintiff and Defendant United Rentals entered into a written contract, for good and valuable consideration paid to United Rentals, for United Rentals to have the appropriate skid steer loader, trailer, tires and wheels ready to be hauled off to the Plaintiff's jobsite.

81.    The Plaintiff relied to his detriment that Defendant United Rentals would pick the appropriate equipment, trailer, tires, etc., and that he would simply be able to come in and attach it to his truck and leave.

82.    That the Defendant United Rentals did not supply the appropriate trailer to haul the skid steer loader, and did not supply the appropriate wheels and tires for said trailer; furthermore, the Defendant United Rentals forced the Plaintiff to purchase a separate trailer hitch for which to haul the trailer, and also, made the Plaintiff physically strap the trailer down.

83.    That the Defendant breached its contractual duty to the Plaintiff to provide the proper trailer for which to haul the rented equipment, by not having it properly maintained, failing to have tires properly inflated, and failing to strap the skid-steer down to the trailer such that the Plaintiff had to strap the equipment down to the trailer himself.

84.    That as a result of said breach of contract by Defendant United Rentals,The Plaintiff was given a trailer which was inadequate to haul the skid steer loader. The Plaintiff had to purchase his own special trailer hitch, and had to tie down the skid steer loader on his own; this inadequate equipment rented to the Plaintiff was the actual and proximate cause of the tire popping off of the driver side rear-wheel (less than a half a mile away from Defendant United Rentals premises), and thus actual the proximate cause of the wreck which caused severe and substantial injuries to the Plaintiff.

WHEREFORE, these premises considered, the Plaintiff demands judgment against Defendants United Rentals, Inc. for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWELVE – FICTITIOUS DEFENDANTS

85.    Plaintiff re-alleges, adopts, and incorporates the preceding averments of this Complaint as if fully set forth herein.

86.    Fictitious Defendant "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to the injuries sustained by the Plaintiff, said Fictitious Defendant names are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to

which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**JURY DEMANDED AS TO ALL COUNTS OF THE COMPLAINT**

This July 6, 2021.

Respectfully submitted,

/s/ *Harrison R. Jones*
Harrison R. Jones (JON212))
Attorney for the Plaintiff

OF COUNSEL:
SLOCUMB LAW FIRM, LLC
3500 Blue Lake Drive, Suite 450
Birmingham, AL 35423
Tel. No. (205) 378-0566
Fax No.  (205) 378-6889
hjones@slcoumblaw.com

**(the rest of this page left blank intentionally)**

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**United Rentals, Inc.**
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

**Rafe Posey**, Employee of United Rentals
c/o Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

**Pacific Wheel Inc.**
3806 Ranya Drive
Commerce, MI 48382

**Anderson Manufacturing Inc.**
3360 Hwy 112 South
Camilia, GA 31730

**Carroll's LLC d/b/a National Wholesale Tire**
4300 TBC Way
Palm Beach Gardens, FL 33410

/s/ *Harrison R. Jones*
Harrison R. Jones (JON212))
Attorney for the Plaintiff

**(the rest of this page left blank intentionally)**