UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSE O'NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:21-cv-01130-KOB |
| UNITED RENTALS, INC. *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendants' Notice of Removal, (doc. 1), and Plaintiff Jesse O'Neal's Motion to Remand, (doc. 11). This case concerns a trailer that Mr. O'Neal rented from Defendant United Rentals. O'Neal suffered injuries when the trailer's tire malfunctioned, causing an automobile accident. Defendants removed this case from state court based on diversity jurisdiction, even though Mr. O'Neal had joined a non-diverse defendant, Rafe Posey. Mr. Posey's presence in the case would typically defeat diversity jurisdiction and prevent removal. *See* 28 U.S.C. § 1332(a)(1). But Defendants claim that O'Neal fraudulently joined Posey and that no cause of action exists against Posey.

For the reasons stated below, the court finds that Mr. O'Neal fraudulently joined Rafe Posey. Further, Mr. O'Neal does not allege that any other Defendant is a citizen of Alabama, and he does not contest that the amount in controversy

1

exceeds $75,000, so the court has subject matter jurisdiction over this case. Thus, the court will deny Mr. O'Neal's motion to remand this case and will dismiss Defendant Posey as fraudulently joined.

I. **Background**

On February 10, 2021, Mr. O'Neal leased a skid steer and a trailer to haul the skid steer from United Rentals. (Doc. 1-1). Mr. O'Neal rented both items at United Rentals Branch A56, located in Bessemer, Alabama. (Doc. 1-1 at 3). Mr. O'Neal alleges that Rafe Posey was the United Rentals employee that handled his rentals. (*Id.*). Shortly after Mr. O'Neal drove away with the trailer, the trailer's rear driver-side tire separated from the rim and deflated, causing the trailer and vehicle to jack-knife. (*Id.*). Mr. O'Neal's vehicle crashed, and he suffered injuries. (*Id.* at 3–4).

Mr. O'Neal originally filed this case in the Circuit Court of Jefferson County, Bessemer Division. (Doc. 1-1). O'Neal alleges, in part, that Rafe Posey negligently selected the proper trailer to rent to O'Neal. (Doc. 1-1 at 4–8). O'Neal also claims that Posey recklessly and wantonly selected and maintained the trailer. (Doc. 1-1 at 6–8). Both Mr. O'Neal and Mr. Posey are citizens of Alabama. (Doc. 1-1 at 2; doc. 1 at 4–6).

Defendants removed the case to this court in August 2021. (Doc. 1). Defendants' notice of removal acknowledges that both O'Neal and Posey are

citizens of Alabama. (Doc. 1 at 4–6). But Defendants filed exhibits with the notice of removal, including a sworn affidavit from Defendant Posey, which states in part:

> 6. I [(Rafe Posey)] am based out of the United Rentals Branch located at 4111 Pinson Valley Parkway, Birmingham, Alabama 35215.
> 7. My name appears on the Rental Agreement as the "salesperson" by default only because the job site location on the Rental Agreement is within my sales territory.
> 8. I was not present at United Rentals Branch A56 on February 10, 2021.
> 9. I did not play any role in the selection of the Skid Steer Track Loader rented by Jesse O'Neal.
> 10. I did not play any role in the selection of the Trailer Tilt rented by Jesse O'Neal for use to haul the Skid Steer Track Loader.
> 11. I did not play any role in the rental of the Skid-Steer Track Loader or Trailer Tilt to Jesse O'Neal.
> 12. I did not play any role in the formation of the contracts or any terms thereof between Jesse O'Neal and United Rentals.

(Doc. 1-2 at 2).

Defendants' notice of removal also included the rental and service agreement between United Rentals and Mr. O'Neal for the trailer at issue. (Doc. 1-2 at 3). The contract, dated February 10, 2021, lists the rental location as "United Rentals Branch A56, 6298 Park S. Dr., Bessemer, AL 35022." And printed text on the agreement identifies the parties: "Ordered by: JESSE ONEAL [sic] . . . Salesperson: RAFE POSEY." (*Id.*).

In response to Defendants' notice of removal, this court issued an order to show cause why it should not dismiss Rafe Posey as fraudulently joined. (Doc. 8).

3

Plaintiff responded by filing a motion to remand with a supporting brief. (Doc. 11). Plaintiff did not attach any evidentiary submissions to his motion to remand. Defendants then responded. (Doc. 14). The motion to remand is now ripe for review.

## II.   Legal Standard

The presence of a non-diverse defendant in a case removed based on diversity jurisdiction typically defeats the federal court's subject matter jurisdiction over the case. *See* 28 U.S.C. § 1332(a)(1). But defendants may properly remove a case with a non-diverse defendant by proving that no possible cause of action exists against that defendant. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The removing party bears the burden for these claims, typically styled as claims of "fraudulent joinder." *Id.* The Eleventh Circuit likens the assessment of fraudulent joinder to an assessment of summary judgment under Rule 56. *See Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). The court may consider affidavits that the parties submit, but the court must resolve all genuine questions of fact in the plaintiff's favor. *Id.* In other words, the evidence submitted must create "some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* The court must remand "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Crowe*, 113 F.3d at 1538.

### III. <u>Discussion</u>

Defendants do not dispute that Mr. O'Neal and Mr. Posey are both citizens of Alabama. (Doc. 1 at 4–6). But they argue that removal is proper because Posey "had nothing to do with the control, selection, or rental of the trailer to Plaintiff." (Doc. 1 at 8). For support, they point to Posey's affidavit, which denies that he was present at the Bessemer location of United Rentals on February 10, and denies that he had any part in the selection of the trailer at issue. (Doc. 1-2 at 2). Defendants also argue that Posey's absence on February 10, 2021 establishes "no possibility that Posey has any liability under state law." (Doc. 14 at 4).

The critical issue is whether Mr. O'Neal has sufficiently rebutted Mr. Posey's assertion in his affidavit that he played no part in O'Neal's trailer rental. When a defendant presents an affidavit showing fraudulent joinder, the plaintiff must show a "question of fact" as to the content of that affidavit. *See Legg*, 428 F.3d at 1322. On a motion to remand, the court must resolve factual disputes in the plaintiff's favor "*only* when there is an actual controversy, that is, when *both* parties have submitted *evidence* of contradictory facts." *Id.* (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393–94 (5th Cir. 2000)) (emphasis in original).

In *Legg*, for example, the plaintiffs sued a non-resident drug company and joined its local sales representatives to defeat diversity jurisdiction. *Legg*, 428 F.3d at 1320. As in this case, the defendants removed the case with affidavits to support

5

a claim of fraudulent joinder as to the non-diverse sales representatives. The representatives' sworn statements, if accepted as true, defeated any state-law claim that the plaintiffs had against the resident defendants. But the district court "ignored" the affidavits and relied only on the allegations in the Plaintiffs' complaint. *Id.* at 1319. Based on this factual record, the lower court granted the plaintiffs' request to remand.

The Eleventh Circuit reversed, finding that the trial court should have relied on the sworn facts in the defendants' affidavits. *Legg*, 428 F.3d at 1323. And the court found that the plaintiffs failed to show a question of fact because the plaintiffs provided "no response" to the affidavits, they "offered no evidence" contradicting the affidavits, and they left the defendants' sworn statements "undisputed." *Id.* The Eleventh Circuit rejected the lower court's reliance only on "unsupported allegations" in the plaintiffs' complaint. *Id.* Remand was improper because the plaintiffs asserted only a "metaphysical doubt as to the material facts." *Id.* (quoting *Badon*, 224 F.3d at 393–94).

Here, the court finds that Mr. O'Neal raises no "question of fact" as to Rafe Posey's assertion that he played no role in renting the trailer to Mr. O'Neal. As in *Legg*, Defendants have provided an affidavit that O'Neal fails to factually dispute. *See Legg*, 428 F.3d at 1323. Posey swears in the affidavit that he was not present at all at the United Rentals location where O'Neal rented his trailer. (Doc. 1-2 at 2).

6

Although O'Neal alleges in his complaint (doc. 1-1 at 3) and brief (doc. 11 at 2) that Posey was, in fact, the salesperson over the rental transaction, O'Neal's "unsupported *allegations*" do not create a question of fact, when stacked against Posey's *sworn testimony*. *See Legg*, 428 F.3d at 1323 (emphasis added). O'Neal may only create a question of fact as to the content of an affidavit by presenting evidence of his own. *See id.* (requiring that "*both* parties have submitted *evidence* of contradictory facts") (emphasis in original). O'Neal has provided no evidence to rebut Posey's affidavit—the same error that the *Legg* plaintiffs made. This court cannot "ignore" Posey's affidavit in favor of O'Neal's mere allegations. *See id.* at 1319. The court concludes that the evidence before the court shows that Posey played no role in the trailer rental.

The contract identifying Mr. Posey as salesperson over the trailer rental does not change the court's conclusion. The rental contract contains printed text identifying Rafe Posey as the salesperson over Mr. O'Neal's trailer rental. (Doc. 1-2 at 3). But again, Posey provides sworn testimony clarifying the contract's meaning: "my name appears on the Rental Agreement as the 'salesperson' by default only because the job site location on the Rental Agreement is within my sales territory." (Doc. 1-2 at 2). O'Neal neither disputes these factual assertions nor provides contradictory evidence of his own; he merely attacks Posey's statement as "self-serving." (Doc. 11 at 7). But courts may not disregard sworn statements just

7

because they are self-serving. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) ("To be sure, [the plaintiff]'s sworn statements are self-serving, but that alone does not permit us to disregard them at the summary judgment stage."). And absent any supporting evidence, O'Neal's attack does little more than assert a "metaphysical doubt as to the material facts." *Legg*, 428 F.3d at 1323. Based on O'Neal's failure to provide contrary evidence, the court finds no question of fact as to Posey's explanation of the contract.

In sum, the court finds that Mr. Posey's affidavit sets forth evidence showing that he was not present and that he played no role in Mr. O'Neal's trailer rental. And O'Neal has responded with no evidence that would show a disputed "question of fact" as to Posey's sworn statements. *Legg*, 428 F.3d at 1323. So the court will find—at this stage of the case—that Rafe Posey was not present at United Rentals' Bessemer location on February 10, 2021, and that Posey played no role in O'Neal's trailer rental.

Without evidence that Posey played any role in the trailer rental, the court finds no "possibility that a state court would find that the complaint states a cause of action" against Posey. *See Crowe*, 113 F.3d at 1538. Mr. O'Neal's negligence and recklessness claims against Posey rest on Posey's alleged actions regarding the trailer rental on February 10, 2021. But the only evidence shows that Posey was

absent on that day, so O'Neal's factual basis for these claims fails. Thus, the court will dismiss Rafe Posey as a fraudulently joined defendant.

Finally, the court agrees with Defendants that Mr. O'Neal has not contested that the amount in controversy exceeds $75,000. So the court will deny O'Neal's motion to remand because the court has subject matter jurisdiction over the case based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

### IV.    Conclusion

For the reasons stated above, the court finds that Mr. O'Neal fraudulently joined Rafe Posey as a defendant. The court will dismiss Rafe Posey as a defendant because O'Neal does not state a possible cause of action against him. *See Crowe*, 113 F.3d at 1538. Without Posey as a defendant, the case satisfies the requirements of diversity jurisdiction, so the court will deny O'Neal's motion to remand.

**DONE** and **ORDERED** this 15th day of November, 2021.

_/s/ Karon O. Bowdre_
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE